**COMMONWEALTH of Pennsylvania,**
**Appellee**

**v.**

**Christina Marie HOUTZ, Appellant.**

Superior Court of Pennsylvania.

Submitted March 9, 2009.
Filed Sept. 16, 2009.

Justin J. McShane, Harrisburg, for appellant.

Megan Ryland-Tanner, Asst. Dist. Atty., for Com., appellee.

BEFORE: KLEIN, POPOVICH, and FITZGERALD *, JJ.

OPINION BY POPOVICH, J.:

¶ 1 Appellant Christina Marie Houtz appeals the judgment of sentence [1] claiming that her probationary sentence was unduly restrictive and/or incompatible with her freedom of conscience. We reverse.

¶ 2 Our review of the record establishes that on the 24th day of May, 2007, Appellant pleaded guilty to corruption of a minor and indecent assault.[2] The charges arose out of Appellant engaging in oral

---

\* Former Justice specially assigned to the Superior Court.

1. It would appear that, "[A]ppellant is challenging the trial court's denial of [her] post[-]sentence motion [ ... ]." *See* Appellant's brief, at 2. On numerous occasions, "we [have] explained that 'the order denying post-sentence motions acts to finalize the judgment of sentence for purposes of appeal. Thus, the appeal is taken from the judgment of sentence, not the order denying post-sentence

motions.'" *Commonwealth v. Rabold,* 920 A.2d 857, 858 n. 1 (Pa.Super.2007) (*quoting Commonwealth v. Chamberlain,* 442 Pa.Super. 12, 658 A.2d 395, 397 (1995)). We have corrected the appeal paragraph accordingly.

2. 18 Pa.C.S.A. §§ 6301(a), 3126(a)(8), respectively. Appellant was also charged with involuntary deviate sexual intercourse and statutory sexual assault, but these offenses were *nolle prossed* by the Commonwealth.

intercourse with a fifteen-year-old female on September 24, 2006, at Appellant's home in Lebanon County, Pennsylvania. At a hearing held on August 1, 2007, Appellant received a sentence of eighteen months probation subject to any rules, regulations, and conditions to be imposed by the Lebanon County Adult Probation Department. As a consequence of Appellant's sex convictions, her probationary sentence required her to abide by a list of Special Conditions for Sex Offenders (hereinafter "Special Conditions"), which included the following; to-wit:

### SPECIAL CONDITIONS FOR OFFENSES INVOLVING A MINOR CHILD

1. I may have no unsupervised contact with any minor children, [ . . . ] without the permission of my probation officer. I will have no physical contact with my child.

2. If I would like to have supervised contact with any minor child, I will report to my officer with the person who is to supervise the visits, that person will be my officer with the person who is to supervise the visits, that person will be read the probable cause affidavit pertaining to my arrest. I must submit to that person that I did indeed commit this offense.

3. I may not visit places where children congregate, such as, but not limited to schools, playgrounds, swimming pools, arcades and carnivals.

4. I will refrain from participation in any youth group or youth group activities (Boy Scouts, etc.).

5. I may not accept employment or volunteer my services for any activity directly or indirectly involving children, such as: school bus driver, daycare worker, coach, costume character, Sunday school teacher, etc.

The standard Special Conditions applicable to all sex offenders in Lebanon County consist of the following; namely:

### SPECIAL CONDITIONS FOR SEX OFFENDERS

1. I will participate in treatment for sex offenders as directed by the probation office and I will comply with the rules of the treatment program.

2. I may not own, possess or view any pornography.

3. I will reside at an approved address. I will not sleep or stay overnight at any other address.

4. I will abide by any curfew established by my probation officer.

5. I may not use or have access to use of the internet.

6. I will not travel outside Lebanon County without obtaining a travel permission slip from my probation officer.

7. I will not possess or subscribe to any sexually oriented or sexually stimulating material to include mail, computer or television, [and] not patronize any place where such material or entertainment is available.

8. I will not utilize any "900" telephone numbers.

After the imposition of sentence, Appellant filed a post-sentence motion claiming that the Special Conditions were unduly restrictive of her liberty and/or incompatible with her freedom of conscience. More specifically, Appellant challenged conditions number one and number five concerning "Special Conditions For Sex Offenders" and conditions one through five for "Special Conditions For Offenses Involving A Minor Child." *See* Appellant's brief, at 10. A hearing was held on February 14, 2008, and, at the conclusion thereof, the trial court held that: "[The Special

C]onditions concerning offenses involving a minor child [we]re reasonable, related to [Appellant's] rehabilitation and imposed to protect society at large. [ ... ] For the foregoing reasons, [the trial court entered an order] deny[ing Appellant's] request to Strike the Extrajudicial Conditions of Probation." Trial court opinion, 7/25/08, at 5, 6. Further, Appellant filed a motion for post-sentence relief, which was denied on July 25, 2008. A motion for reconsideration was also denied on August 8, 2008. Thereafter, a timely notice of appeal was filed, and Appellant submitted a Pa.R.A.P. 1925(b) statement in response to the trial court's Rule 1925(b) order, which raised the question:

> WHETHER THE LOWER COURT ABUSED ITS DISCRETION BY IM- POSING A NUMBER OF CONDI- TIONS WHICH WERE NOT REA- SONABLY RELATED TO THE SPECIFIC REHABILITATION OF THE APPELLANT IN THAT THEY WERE UNDULY RESTRICTIVE OF APPELLANT'S LIBERTY AND/OR WERE INCOMPATIBLE WITH HER FREEDOM OF CONSCIENCE.

Appellant's brief, at 5.

¶ 3 Appellant challenges the discretionary aspects of sentencing, not the legality of the sentence imposed. Accordingly, she is not entitled to an appeal of her sentence as of right, but rather to an allowance of appeal at the discretion of this Court. 42 Pa.C.S.A. § 9781(b). In such a case, Appellant has two requirements which must be met before her challenge to the judgment of sentence will be heard on the merits. *Commonwealth v. Koren,* 435 Pa.Super. 499, 646 A.2d 1205, 1207 (1994). First, Appellant must "set forth in [her] brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f); *Koren,* 646 A.2d at

1207; *Commonwealth v. Jones,* 418 Pa.Super. 93, 613 A.2d 587, 590 (1992), *allocatur denied,* 535 Pa. 615, 629 A.2d 1377 (1993). Second, Appellant must demonstrate to this Court "that there is a substantial question that the sentence imposed is not appropriate under this [Sentencing] chapter." 42 Pa.C.S.A. § 9781(b); *Commonwealth v. Tuladziecki,* 513 Pa. 508, 513, 522 A.2d 17, 20 (1987); *Koren,* 646 A.2d at 1207.

¶ 4 Herein, Appellant fulfilled the first requirement because she included in her brief a concise statement of the reasons for her appeal. *See* Appellant's brief, at 13– 14. Next, we find that Appellant raised a "substantial question" because she alleged that the trial court "abused its discretion in imposing conditions [upon her probationary sentence] which were not reasonabl[y] related to [her] rehabilitation[, nor] were [they] reasonably tailored to the Appellant's unique rehabilitation needs." *Id.* at 13. *See Commonwealth v. Fullin,* 892 A.2d 843 (Pa.Super.2006) (holding that an Appellant who challenges a condition of probation imposed under 42 Pa.C.S.A. § 9754 raises substantial question); *Commonwealth v. Hermanson,* 449 Pa.Super. 443, 674 A.2d 281 (1996) (same). We now turn to the merits of the discretionary aspect of the sentencing claim raised in Appellant's brief.

¶ 5 In imposing an order of probation, a court may require a defendant "[t]o satisfy any other conditions reasonably related to the rehabilitation of the defendant and not [be] unduly restrictive of his liberty or incompatible with his freedom of conscience." 42 Pa.C.S.A. § 9754(c)(13).

> A probation order is unique and individualized. It is constructed as an alternative to imprisonment and is designed to rehabilitate a criminal defendant while still preserving the rights of law- abiding citizens to be secure in their

persons and property. When conditions are placed on probation orders they are formulated to insure or assist a defendant in leading a law-abiding life. *Koren*, 646 A.2d at 1208–09 (citations omitted). Moreover, as long as conditions placed on probation are reasonable, it is within a trial court's discretion to order them. *Id.*, 646 A.2d at 1209 (citing 42 Pa.C.S.A. § 9754(b)).

¶ 6 In the present case, the trial court placed upon Appellant's probation a condition that she not possess or have access to a computer, or otherwise access the Internet, which Appellant claims is unduly restrictive and impedes her efforts "to further her education." Consequently, argues Appellant, the trial court's prohibition against her using or accessing a computer "is not tailored to the offense committed since there is no record that the Appellant had ever used the computer to access inappropriate materials or otherwise acted in such a way that would justify such dramatic restrictions. [In other words,] the provisions are not consistent with the rehabilitative needs of the Appellant and, therefore, th[is C]ourt should rule that the provisions were not reasonably related to the rehabilitation of the [Appellant] which is required by 42 Pa. C.S.A. § 9754." Appellant's brief, at 19. In response to Appellant's sentencing claim, the trial court observed:

"With regard to [Appellant's] allegation concerning use and access to the Internet, we note [Appellant] has no inherent right to Internet access. *Commonwealth v. Hartman*, 908 A.2d 316 (Pa.Super.2006). In *Hartman*, Defendant's argument that he required a computer and access to the Internet to further his academic goals was rejected. Although [Appellant's] unlawful conduct did not include the use of a computer or the Internet, the counselor's testified

that often the Internet is used by sexual offenders as a resource to establish and cultivate relationships. Based on the testimony of the counselors and the need to protect members of the community, we believe the conditions are appropriate and reasonable. [Appellant also] has the ability to have such conditions lifted as she progresses through treatment and it is established that such conditions are unnecessary for either her rehabilitation or protection of the public. For the foregoing reasons, we deny [Appellant's] request to Strike the Extrajudicial Conditions of Probation."

Trial court opinion, 7/25/08, at 6. We disagree with the trial court's computer/Internet restriction as a condition of Appellant's probation, especially when there is no nexus between the offense charged and access to a computer/Internet.

¶ 7 The trial court's reliance upon *Commonwealth v. Hartman*, 908 A.2d 316 (Pa.Super.2006), to buttress its prohibition of Appellant's use of a computer/Internet misses the mark because Hartman's crime involved having child pornography on the hard drive of his computer. Herein, there is no evidence that Appellant's sexual offense involving a minor child was facilitated by or incorporated the use of a computer/Internet.

¶ 8 Appellant also indicated in the court below that her continued receipt of food stamps and medical benefits for her family is conditional upon her ability to participate in a search for employment through Career Link, which requires utilization of a computer/Internet. Additionally, Appellant makes reference to her son being impacted negatively (failing his classes) because of the computer/Internet proscription, which he was utilizing to participate in supplemental education classes to remedy his learning disability online. N.T., 2/14/08, at 60–63. Lastly, Appellant's use

of the computer/Internet was placed in motion to access online courses to facilitate her ability to obtain a medical transcription certificate, which continued endorsement of such a restriction would curtail Appellant's efforts to make positive changes to improve her life and that of her children.

¶ 9 Moreover, this Court's attention to the punitive nature of the computer/Internet prohibition centers upon the absence of any facts recited by the Commonwealth or the trial court which would allow this Court to conclude that such a restriction is reasonably related to Appellant's rehabilitation. *See* 42 Pa.C.S.A. § 9754. Stated otherwise, there is no evidence that Appellant used the computer/Internet for sexually explicit material involving minors or that she used the computer/Internet as a source to establish and cultivate inappropriate relationships.

¶ 10 For all of the reasons set forth above, we hold that the trial court's denial of Appellant's petition to strike the condition of probation prohibiting her use of a computer and/or access to the Internet is unreasonable and inappropriate. *Contrast Hartman,* 908 A.2d at 321 ("[A] defendant who uses his computer and other Internet capable equipment to access pornographic photographs of young girls [may] be prohibited from using a computer or other Internet capable equipment while on probation."). Accordingly, we reverse the judgment of sentence and remand to remedy the probation portion of Appellant's sentence.

¶ 11 Judgment of sentence reversed. Case remanded for proceedings consistent with this decision. Jurisdiction relinquished.