J-A30027-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LAWRENCE RAYMOND CRAIG | |
| Appellant | No. 1149 WDA 2016 |

Appeal from the Judgment of Sentence imposed March 3, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0008524-2015

BEFORE: BOWES, STABILE, JJ., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.: FILED APRIL 23, 2018

Appellant, Lawrence Raymond Craig, appeals from his March 3, 2016 judgment of sentence for aggravated indecent assault and indecent assault.[1] He argues that several conditions of his special probation are unduly restrictive and not rationally related to his crimes. We reverse.

Appellant was charged with the foregoing offenses for assaulting D.D., a 34-year-old female, on June 3, 2016. D.D. testified that Appellant put his hand down her pants without her consent while she was asleep in a residence in McKeesport, Pennsylvania. Following a non-jury trial, the trial court found Appellant guilty. On March 3, 2016, the trial court sentenced Appellant to 2½—5 years' imprisonment followed by five years' probation. The terms of probation prohibited Appellant from (1) contact with, or participation in any

_____

[1] 18 Pa.C.S.A. §§ 3125(a)(1) and 3126(a)(1), respectively.

activity with, children under age eighteen without approval and supervision,

and (2) computer or Internet access.[2]  Appellant objected to these conditions

_____

[2]  Appellant's Charge Specific Special Conditions Form defined these conditions as follows:

> CONTACT:
> The offender is not to have contact with children under the age of 18, beyond incidental business contact, unless approved by the probation/parole officer.  The offender is not to loiter within 100 feet of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18.  The offender shall further not associate with children under the age of 18, except in the presence of a responsible adult who is aware of the nature of the offender's current offense, criminal background and who has been approved by the probation officer.

> * * *

> EMPLOYMENT:
> The defendant shall not be employed in or participate in any volunteer activity that involves contact with children, except under circumstances approved in advance and in writing by the supervising probation/parole officer.

> PARAPHERNALIA:
> The defendant shall not possess or use any pornographic, sexually oriented or sexually stimulating materials, including visual, auditory, telephonic, or electronic media and computer programs or services that are relevant to the offender's deviant behavior pattern.

> COMPUTER/INTERNET ACCESS:
> The defendant shall not possess or use a computer with access to any "online computer service," or any other electronic device that allows internet connections and/or access at any location (including employment) without the prior written approval of the probation/parole officer.  This includes any internet services provided, bulletin board system or any other public or private computer network.  The defendant shall submit to the

during the sentencing hearing, but the trial court overruled the objections, stating that it "imposes the conditions in all cases." N.T., 3/3/16, at 14.

On March 10, 2016, the trial court held another sentencing hearing in which it informed Appellant that he was not RRRI eligible. On March 18, 2016, Appellant filed timely post-sentence motions. On July 6, 2016, the trial court denied these motions. On August 5, 2016, Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues in this appeal:

I. The sentencing court stated that it imposed the same list of probation conditions on all defendants convicted of sex offenses. The court followed its sentencing policy regardless of the nature of the offense, the protection of the public, or the rehabilitative needs of the particular defendant. Did the court abuse its sentencing discretion when it levied these overbroad, unreasonable, and unduly restrictive probation conditions that were not reasonably related to [Appellant's] rehabilitative needs, the nature of the offense, or the protection of the public?

II. The sentencing court followed a predetermined sentencing policy of imposing a broad list of probation conditions on all defendants convicted of sex offenses. Is this predetermined sentencing policy illegal under the Sentencing Code?

_____

probation/parole officer and or probation/parole service representative conducting periodic unannounced examinations of the defendant's computer equipment, which may include retrieval and copying of all data from the computer and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection, and allow at the direction of the probation/parole officer installation on the defendant's computer, at the defendant's expense, any hardware or software systems to monitor the defendant's computer use.

Appellant's Brief at 6.

In his first argument, which we find dispositive, Appellant challenges the discretionary aspects of sentencing. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Commonwealth v. Moury, 992 A.2d 162, 170 (Pa. Super. 2010). Here, Appellant satisfies all four requirements of the Moury test. Appellant filed a timely appeal to this Court, preserved the issue on appeal both at sentencing and through post-sentence motions, and submitted a Pa.R.A.P. 2119 statement in his brief. Moreover, Appellant has raised a substantial question by contending that the trial court abused its discretion in imposing probationary conditions that were not reasonably related to his rehabilitative needs or the public interest. Commonwealth v. Houtz, 982 A.2d 537, 539 (Pa. Super. 2009) (defendant raised substantial question by arguing that trial court imposed terms of probation that were not reasonably related to her rehabilitative needs).

In imposing an order of probation, the trial court may require a defendant "[t]o satisfy any other conditions reasonably related to the rehabilitation of the defendant and not [be] unduly restrictive of his liberty or incompatible with his freedom of conscience." 42 Pa.C.S.A. § 9754(c)(13). A probation order "is unique and individualized." Commonwealth v. Koren, 646 A.2d 1205, 1208 (Pa. Super. 1994). As an alternative to imprisonment, a probation order "is designed to rehabilitate a criminal defendant while still preserving the rights of law-abiding citizens to be secure in their persons and property. When conditions are placed on probation orders they are formulated to insure or assist a defendant in leading a law-abiding life." Id. at 1208–09. So long as conditions placed on probation are reasonable, it is within the trial court's discretion to order them. Id. at 1209.

In Houtz, the defendant pleaded guilty to corruption of a minor and indecent assault for engaging in oral intercourse with a fifteen-year-old female. The trial court sentenced the defendant to probation, but one of the probationary conditions was that she could not possess or have access to a computer or otherwise access the Internet. The defendant argued that this term was unduly restrictive and impeded her efforts to further her education, and that this prohibition was "not tailored to the offense committed[,] since there is no record that [she] had ever used the computer to access inappropriate materials or otherwise acted in such a way that would justify such dramatic restrictions." Houtz, 982 A.2d at 540. The trial court

responded that this term was reasonable under Commonwealth v. Hartman, 908 A.2d 316 (Pa. Super. 2006), because "often the Internet is used by sexual offenders as a resource to establish and cultivate relationships." Houtz, 982 A.2d at 540. This Court reversed, reasoning:

> We disagree with the trial court's computer/Internet restriction as a condition of Appellant's probation, especially when there is no nexus between the offense charged and access to a computer/Internet.
>
> The trial court's reliance upon [Hartman] to buttress its prohibition of Appellant's use of a computer/Internet misses the mark because Hartman's crime involved having child pornography on the hard drive of his computer. Herein, there is no evidence that Appellant's sexual offense involving a minor child was facilitated by or incorporated the use of a computer/Internet.

Id.

Houtz's logic applies with equal force to this case. There is no evidence that Appellant committed any crime involving minors. Thus, the terms of probation prohibiting contact with minors, going to areas where minors are present, or volunteering or working with children have no relation to his crime or his rehabilitative needs. Further, there is no evidence that Appellant used a computer or the Internet to view illegal photographs involving minors or adults or to contact minors or adults for unlawful activities. Thus, the terms of probation prohibiting access to computers or the Internet have no relation to his crime or his rehabilitative needs.

Accordingly, the trial court abused its discretion by imposing terms of probation (1) prohibiting contact with minors, going to areas where minors

are present, or volunteering or working with children, and (2) prohibiting access to computers or the Internet. We reverse the judgment of sentence and remand to remedy the probation portion of Appellant's sentence.[3]

Judgment of sentence reversed. Case remanded for proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/23/2018

_____

[3] Based on this decision, we find it unnecessary to review Appellant's second argument, a claim that his sentence was illegal due to inclusion of the foregoing probationary terms.