J-S22031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PATRICIA KORRAPATI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| VAMSIMADHAV KORRAPATI | : | |
| | : | |
| Appellant | : | No. 2551 EDA 2017 |

Appeal from the Judgment of Sentence May 23, 2017
in the Court of Common Pleas of Northampton County
Civil Division at No.:  PF-2015-103

BEFORE:   BENDER, P.J.E., STABILE, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED JUNE 26, 2018**

Appellant, Vamsimadhav Korrapati, appeals from the judgment of sentence ordering him to pay a $300 fine and serve a seven-day suspended sentence.[1]  The trial court imposed the sentence immediately after it found Appellant to be in indirect criminal contempt[2] of a Protection From Abuse Order (PFA) issued to his estranged wife, Appellee, Patricia Korrapati.  We affirm in part, vacate in part, and remand for resentencing.

---

[1] Appellant purports to appeal from the order entered on July 5, 2017, denying his post-sentence motion; however, because an order denying post-sentence motions acts to finalize the judgment of sentence for purposes of appeal, the appeal properly is taken from the judgment of sentence.  ***See Commonwealth v. Houtz***, 982 A.2d 537, 537 n.1 (Pa. Super. 2009).  We have amended the caption accordingly.

[2] 23 Pa.C.S.A. § 6114(a).

---

\*   Retired Senior Judge assigned to the Superior Court.

The relevant facts and procedural history of this case are as follows. On February 13, 2015, Appellee secured a temporary PFA order on behalf of herself and the parties' children against Appellant. On April 5, 2017, and April 17, 2017, Appellee filed private complaints alleging indirect criminal contempt for Appellant's violations of the PFA order. The trial court held a hearing on May 23, 2017, and described the pertinent testimony and its decision as follows:

> . . . [Appellee] testified that on March 30, 2017, Appellant placed three phone calls to [her] place of employment, a dental office, to request the dental records of the parties' children. (**See** N.T. Hearing, 5/23/17, at 3, 6-9, 15). Appellant at that time was subject to a prior PFA order which prohibited contact, direct or indirect, with [Appellee] or their children. [Appellee] further testified that Appellant used the request for the children's dental record as an opportunity to "badmouth[]" [Appellee] to [her] co-worker. (**Id.** at 18; **see id.** at 17). Appellant admitted to making these calls to [Appellee's] place of employment. (**See id.** at 25).
>
> [Appellee] further testified that [Appellant] had violent outbursts in her presence that required the intervention of the sheriff's deputies at two court proceedings. [Appellee] testified that following a January 25, 2017 domestic relations hearing, while Appellant was in the hallway with [Appellee], he was throwing his bag and loudly directed his statement "fuck that woman, she is not having anything" at [Appellee]. (**Id.** at 11). [Appellee] testified that Appellant also became upset and began yelling in her presence during a conference with the Divorce Master, which caused [her] to feel threatened. (**See id.** at 12-14, 22-23). Finally, [Appellee] also testified that following court appearances, Appellant loiters near her car "smirking" at her and watching her. (**Id.** at 14). Based upon the testimony presented during the hearing and the credibility determinations thereof, the court held that [Appellee] met her burden of proof and established that Appellant had violated the PFA order.

(Trial Court Opinion, 9/28/17, at 1-2) (citation formatting provided; some capitalization adjusted).

The trial court found Appellant guilty of indirect criminal contempt, and imposed a $300.00 fine and a suspended sentence of seven days' incarceration. It denied Appellant's timely post-sentence motion on July 5, 2017. This timely appeal followed.[3]

Appellant raises one issue for our review, challenging the sufficiency of the evidence: "Did the evidence offered by [Appellee] at trial establish, beyond a reasonable doubt, that [Appellant] had intentionally violated any of the terms of the PFA order in question?" (Appellant's Brief, at 3; *see id.* at 1).[4]

"When reviewing a contempt conviction . . . we are confined to a determination of whether the facts support the trial court decision. We will reverse a trial court's determination only when there has been a plain abuse of discretion." *Commonwealth v. Brumbaugh*, 932 A.2d 108, 111 (Pa. Super. 2007) (citation omitted).

> In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner,

---

[3] Appellant timely filed a court-ordered concise statement of errors complained of on appeal on August 28, 2017. The trial court filed an opinion on September 28, 2017. *See* Pa.R.A.P. 1925.

[4] We note that, in his statement of the questions involved, Appellant expressly withdrew an issue challenging his sentence from this Court's consideration. (*See* Appellant's Brief, at 3). We will nevertheless discuss the propriety of his sentence, for reasons discussed below.

was sufficient to enable the fact finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt. The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Further, the trier of fact is free to believe all, part, or none of the evidence.

Pursuant to 23 Pa.C.S.A. 6114,

> [w]here the police, sheriff or the plaintiff have filed charges of indirect criminal contempt against a defendant for violation of a protection order issued under this chapter, a foreign protection order or a court-approved consent agreement, the court may hold the defendant in indirect criminal contempt and punish the defendant in accordance with law.

23 Pa.C.S.A. § 6114(a).

> Where a PFA order is involved, an indirect criminal contempt charge is designed to seek punishment for violation of the protective order. To establish indirect criminal contempt, the Commonwealth must prove:
>
> > 1) the order was sufficiently definite, clear, and specific to the contemnor as to leave no doubt of the conduct prohibited; 2) the contemnor had notice of the order; 3) the act constituting the violation must have been volitional; and 4) the contemnor must have acted with wrongful intent.

***Commonwealth v. Taylor***, 137 A.3d 611, 614–15 (Pa. Super. 2016) (*en banc*) (case citations omitted).

Here, Appellant disputes the fourth element, arguing that the evidence failed to establish that he acted with wrongful intent. (***See*** Appellant's Brief, at 13-16). Appellant concedes that he called Appellee's employer, but avers that he did this to obtain documents he and his attorneys believed necessary for use in court proceedings. (***See id.*** at 15). Appellant further claims that although he vigorously and vocally participated in the parties' court

proceedings, he did not actually interact with Appellee, and did not believe his behavior was threatening towards her. (*See id.* at 15-16). This issue does not merit relief.

Initially, we note that "when making a determination regarding whether a defendant acted with wrongful intent, the court should use common sense and consider context, and wrongful intent can be imputed to a defendant by virtue of the substantial certainty that his actions will violate the court order." ***Commonwealth v. Reese***, 156 A.3d 1250, 1258 (Pa. Super. 2017), *appeal denied*, 173 A.3d 1109 (Pa. 2017) (citation omitted).

Here, the PFA order clearly prohibited Appellant "from having ANY CONTACT with [Appellee] . . . either directly or indirectly, at any location, including but not limited to any contact at [Appellee's] . . . place of employment. . . . [Appellant] (either directly or indirectly through a third party) shall not contact [Appellee] . . . by oral, nonverbal, written or electronic means, including telephone . . . ." (PFA Order, 2/13/15, at unnumbered page 1) (some emphasis omitted).

Despite this clear prohibition on any contact with Appellee, including at her place of employment, Appellant admitted that he made three telephone calls to the dental office where she works as a receptionist and regularly answers the phone. (*See* N.T. Hearing, 5/23/17, at 6, 25). Additionally, the record reflects that Appellant behaved aggressively towards Appellee at court proceedings necessitating intervention by sheriff's deputies, and that he

loitered near her vehicle and watched her following court appearances. (**See** **id.** at 11-14, 22-23).

Under these circumstances, we conclude that Appellant's wrongful intent can be imputed to him by virtue of the substantial certainty that by choosing to undertake the foregoing acts, he would be in contact with Appellee in violation of the PFA order. **See Reese**, **supra** at 1258. Therefore, Appellant's challenge to the sufficiency of the evidence merits no relief.

While Appellant's claim fails, the sentence imposed by the trial court constitutes an illegal sentence. "It is well settled that this Court may address the legality of a sentence *sua sponte*." **Commonwealth v. Dennis**, 164 A.3d 503, 510–11 (Pa. Super. 2017) (citations omitted).

Instantly, the trial court sentenced Appellant to a suspended sentence of seven days' incarceration for indirect criminal contempt. The enumerated sentencing options for Appellant's violation of the PFA order were:

> (i)(A) a fine of not less than $300 nor more than $1,000 and imprisonment up to six months; or
>
> (B) a fine of not less than $300 nor more than $1,000 and supervised probation not to exceed six months[.]

23 Pa.C.S.A. § 6114(b)(1)(i)(A), (B).

This Court has recently stated:

> The law is clear that an indefinitely suspended sentence is not a sentencing alternative and is illegal. **Commonwealth v. Joseph**, 848 A.2d 934, 941 (Pa. Super. 2004) (citations omitted). "It is the uncertainty surrounding such sentences, and the disorder they can engender, that prompts their prohibition." **Id.**

at 941–942. "An indefinitely suspended sentence is not a sanctioned sentencing alternative." *Id.* at 942.

*Thompson v. Thompson*, 2018 WL 2111017, at *3 (Pa. Super. filed May 8, 2018).[5]

After review, we conclude that the suspended sentence imposed by the trial court is illegal. Therefore, we vacate and remand for resentencing in accordance with section 6114(b)(1).

Conviction affirmed. Judgment of sentence vacated and remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/18

---

[5] The *Joseph* Court explained that a purported suspended sentence will be upheld only under circumstances where it provides for continued court supervision and can be deemed in effect an order of probation. *See Joseph*, *supra* at 942-43.