J-S73042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                    :            PENNSYLVANIA
                                      :

                v.                          :

ORLANDO SANTIAGO,               :
                                        :

          Appellant          :        No. 619 MDA 2019

Appeal from the Judgment of Sentence Entered January 8, 2019
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s):  CP-35-CR-0000395-2018

BEFORE:  SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:           **FILED MAY 19, 2020**

Orlando Santiago ("Santiago") appeals from the judgment of sentence imposed following his guilty plea to two counts each of corruption of minors and indecent exposure.[1]  We affirm.

In its Opinion, the trial court summarized the relevant facts underlying this appeal:

> On February 11, 2018, the Scranton Police Department responded to a report of a male exposing himself to a juvenile female in the Hill Section area of Scranton.  Per the victim's [f]ather[,] at approximately 8:55 a.m. on February 10, 2018, the victim was walking in the area of Hitchcock Court when she noticed a red Ford Taurus circling the area.  Eventually, the driver of the red Ford Taurus, described as a white male with brown hair, parked and exited his vehicle.  When he exited the vehicle, his pants were unzipped, his penis was exposed, and he was

---

[1] 18 Pa.C.S.A. §§ 6301(a)(1), 3127(a).  One of Santiago's indecent exposure charges was graded as a misdemeanor of the second degree, and the other was graded as a misdemeanor of the first degree.

masturbating. Following the encounter, the driver returned to his car and fled the area while the victim ran to her local school. The principal of the victim's local school provided surveillance video to the police that corroborated the victim's description of the red Ford Taurus.

Following the Scranton Police's discussion with the victim's [f]ather, they were informed that there were additional victims describing similar events having happened on February 9, 2018. The victims, like the first, were juveniles. The second victim, a seventeen-year-old, stated that she was walking with her two younger sisters in the area of Costello Court on the morning of February 9, 2018[,] when she noticed a red Ford Taurus driving around. She stated that the driver ultimately parked and exited the car. He was standing near the rear of the vehicle masturbating with his penis exposed. She also reported that the driver yelled something along the lines of "anyone?" in order to get the victims' attention, then got back into his car and fled the area. [The t]hird and fourth victims, her sixteen-year-old sisters, relayed the same information to the police.

Ultimately, all four of the victims were juvenile females, and all four of the victims provided the police with the same description of the suspect—a "fat," white male with short, dark hair and noticeable bags under his eyes. Additionally, all of the victims described the same car, the red Ford Taurus, and all relayed a similar set of facts to the Scranton Police.

Trial Court Opinion, 6/18/19, at 2-3 (citations to record omitted).

On June 6, 2018, Santiago pled guilty to the above-mentioned crimes.[2]

The trial court deferred sentencing, and ordered the preparation of a pre-sentence investigation report. On September 13, 2018, the trial court ordered

---

[2] In addition to his written guilty plea colloquy, Santiago completed a supplemental colloquy concerning the Sexual Offenders Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10-9799.41. In the supplemental colloquy, Santiago acknowledged his understanding that he was pleading guilty to a Tier 1 sexual offense under SORNA, which would subject him to a 15-year registration period.

J-S73042-19

Santiago to undergo an assessment by the Sexual Offenders Assessment Board ("SOAB") for his corruption of minors convictions.

On October 4, 2018, Santiago filed a Motion to Vacate the trial court's Order directing him to undergo an assessment by the SOAB. Santiago argued that the Pennsylvania Supreme Court's decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), and this Court's decision in *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017),[3] precluded an assessment to determine whether he should be designated as a sexually violent predator ("SVP"). Additionally, Santiago argued that the legislative revisions to SORNA,[4] which were meant to resolve its constitutional defects, retained the "clear and convincing" standard declared unconstitutional under *Butler*. The trial court subsequently issued upon the Commonwealth a Rule to Show Cause why Santiago's Motion to Vacate should not be granted. The

---

[3] The Pennsylvania Supreme Court recently issued its decision in *Commonwealth v. Butler*, 2020 WL 1466299, ___ A.3d ___ (Pa. Mar. 26, 2020), which we will discuss further, *infra*.

[4] The General Assembly subsequently responded to the *Muniz* and *Butler* decisions by amending SORNA. *See* Act of Feb. 21 2018, P.L. 27, No. 10 ("Act 10"). Act 10 amended several existing provisions of SORNA, and also added several new sections found at 42 Pa.C.S.A. §§ 9799.42, 9799.51-9799.75. SORNA was further amended on June 12, 2018. *See* Act of June 12, 2018, P.L. 1952, No. 29 ("Act 29") (SORNA, as amended by Act 10 and Act 29, will at times hereinafter be referred to as "SORNA II").

- 3 -

Commonwealth filed a Brief in Opposition to Santiago's Motion to Vacate. The trial court denied Santiago's Motion to Vacate on November 30, 2018.

The trial court conducted a sentencing and SORNA hearing on January 4, 2019. The trial court sentenced Santiago to an aggregate term of 39 months to 17 years in prison, with credit for time served.[5] Additionally, the trial court designated Santiago as an SVP, and informed him that he would be subject to lifetime registration under SORNA. The Sentencing Order also specified that the sentence would run consecutive to sentences imposed at unrelated docket Nos. CP-35-CR-0002911-2016 ("No. 2911-2016"), and CP-35-CR-0002245-2016 ("No. 2245-2016"), at which parole and probation revocation proceedings had been initiated.

Santiago filed a timely Post Sentence Motion, seeking reconsideration of his sentence, as well as his SVP designation. The Commonwealth filed an Answer.[6] On February 21, 2019, Santiago filed an Amended Post Sentence Motion, citing contradictions in the Sentencing Orders (*i.e.*, that the original Sentencing Order in the instant case directed Santiago's sentence to run

---

[5] The Sentencing Order was entered on the docket on January 8, 2019.

[6] After Santiago filed his Post Sentence Motion, and before the court addressed the Motion, Santiago's revocation proceedings were concluded. Specifically, at No. 2245-2016, the revocation court revoked Santiago's parole, and sentenced him to serve the balance of his original prison term. At No. 2911-2016, the court revoked Santiago's probation and sentenced Santiago to one to two years in prison, to be served consecutively to the sentence imposed at No. 2245-2016.

- 4 -

consecutively to Nos. 2245-2016 and 2911-2016, but the revocation sentences were ordered to run consecutively to the sentence imposed in this case).

On March 25, 2019, the trial court entered an Order, granting in part and denying in part Santiago's Amended Post Sentence Motion. Specifically, the court granted reconsideration to clarify the confusion regarding the revocation sentences, and directed that the sentences imposed at Nos. 2245-2016 and 2911-2016 run consecutively to the sentence imposed in the instant case. The trial court denied the Motion in all other respects.

Santiago filed a timely Notice of Appeal,[7] and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Santiago raises the following issues for our review:

A. Whether the trial court erred when it denied [Santiago's] Motion to vacate the SVP hearing and held the SVP hearing[, which is] contrary to [] **Butler**, 173 A.3d 1212 … for the following reasons:

1. The [SORNA] process was deemed unconstitutional;

2. Trial courts are prohibited from designating convicted defendants as SVPs, nor may they hold SVP hearings until the General Assembly enacts a constitutional designation mechanism; and

---

[7] Santiago purports to appeal from the court's March 25, 2019, Order granting in part, and denying in part, his Amended Post Sentence Motion. However, "the order denying post-sentence motions acts to finalize the judgment of sentence for purposes of appeal. Thus, the appeal is taken from the judgment of sentence, not the order denying post sentence motions." **Commonwealth v. Houtz**, 982 A.2d 537, 537 n.1 (Pa. Super. 2009) (citations omitted).

> 3. The registration requirements under [SORNA] constitute a form of criminal punishment, and thus, facts leading to registration requirements had to be found by a jury beyond a reasonable doubt.

Brief for Appellant at 4 (some capitalization omitted).

Santiago challenges his SVP designation based on the decisions filed in *Muniz*, *supra*, and *Butler*, *supra*. *See* Brief for Appellant at 9-17. Santiago acknowledges the trial court's statement that it found him to be an SVP beyond a reasonable doubt, but asserts that the designation is nevertheless unconstitutional because the determination was not made by his chosen fact finder. *Id.* at 10, 12, 13; *see also* Trial Court Opinion, 6/18/19, at 4, 7 (stating that it applied a reasonable doubt standard in determining that Santiago should be designated a SVP). Santiago claims that the provisions of SORNA II remain punitive. *See* Brief for Appellant at 14-17.

Santiago's claim challenges the legality of his sentence. *See Commonwealth v. Prieto*, 206 A.3d 529, 534 (Pa. Super. 2019). "Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and our scope of review is plenary." *Id.* (citation and quotation marks omitted).

In *Muniz*, our Supreme Court held that the registration requirements established by SORNA constitute criminal punishment, as opposed to a civil penalty, and therefore, their retroactive application violates the *ex post facto* clauses of the United States and Pennsylvania Constitutions. *Muniz*, 164 A.3d at 1193, 1223.

- 6 -

This Court subsequently considered the constitutionality of SORNA's SVP designation procedures, as outlined in section 9799.24.[8]  Applying *Muniz*, *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (holding that any fact, other than the fact of a prior conviction, "that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."), and *Alleyne v. United States*, 570 U.S. 99, 103 (2013) (holding that "[a]ny fact that, by law, increased the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."), this Court ruled that section 9799.24(e)(3) of SORNA is unconstitutional.  *Butler*, 173 A.3d at 1217-18.  Specifically, this Court stated as follows:

> [S]ince our Supreme Court has held that SORNA registration requirements are punitive or a criminal penalty to which individuals are exposed, then under *Apprendi* and *Alleyne*, a factual finding, such as whether a defendant has a "mental abnormality or personality disorder that makes [him or her] likely to engage in predatory sexually violent offenses[,] 42 Pa.C.S.A. § 9799.12, that increases the length of registration must be found beyond a reasonable doubt by the chosen fact-finder.  Section 9799.24(e)(3) identifies the trial court as the finder of fact in all instances and specifies clear and convincing evidence as the burden of proof required to designate a convicted defendant as an SVP.  Such a statutory scheme in the criminal context cannot withstand constitutional scrutiny.

---

[8] Relevantly, subsection 9799.24(e)(3) provides that "[a]t the hearing prior to sentencing, the court shall determine whether the Commonwealth has proved *by* **clear and convincing evidence** that the individual is a[n] [SVP]." 42 Pa.C.S.A. § 9799.24(e)(3) (emphasis added).

***Butler***, 173 A.3d at 1217-18; ***see also id.*** at 1217 (stating that "if registration requirements are punishment, then the facts leading to registration requirements need to be found by the fact-finder chosen by the defendant, be it a judge or a jury, beyond a reasonable doubt.").

Our Legislature subsequently amended SORNA through the enactment of Acts 10 and 29 in an effort to rectify SORNA's constitutional defects. Significantly, however, SORNA II did not amend the SVP designation procedures outlined in section 9799.24.

Recently, on March 26, 2020, the Pennsylvania Supreme Court reversed this Court's decision in ***Butler***. ***See Butler***, 2020 WL 1466299, at **1, 15-16. Our Supreme Court held that the registration, notification, and reporting ("RNC") requirements "applicable to SVPs do not constitute criminal punishment," and therefore, the procedural mechanism for designating sexual offenders as an SVP set forth in section 9799.24(e)(3) of SORNA does not violate "the principles set forth in ***Apprendi*** or ***Alleyne***[.]" ***Id.*** at *16. Following a detailed consideration of the ***Mendoza-Martinez***[9] factors, our Supreme Court explained as follows:

> Although … the RNC requirements impose affirmative disabilities or restraints upon SVPs, and those requirements have been historically regarded as punishment, our conclusions in this regard are not dispositive on the larger question of whether the statutory requirements constitute criminal punishment. This is

---

[9] ***See Kennedy v. Mendoza-Martinez***, 372 U.S. 144, 567-68 (1963) (identifying seven factors used to consider whether a statute's effect is punitive).

especially so where the government in this case is concerned with protecting the public, through counseling and public notification rather than deterrent threats, not from those who have been convicted of certain enumerated crimes, but instead from those who have been found to be dangerously mentally ill. Under the circumstances, and also because we do not find the RNC requirements to be excessive in light of the heightened public safety concerns attendant to SVPs, we conclude the RNC requirements do not constitute criminal punishment.

*Id.* at *15 (citation omitted).

In light of our Supreme Court's holding in **Butler**, we conclude that the procedure used to designate Santiago as an SVP was constitutional. ***See id.*** at **15-16. Therefore, we affirm Santiago's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/19/2020