J-A07008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSEPH W. PILCHESKY | : | |
| | : | |
| Appellant | : | No. 1408 MDA 2019 |

Appeal from the Order Dated May 31, 2019
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0001075-2013

BEFORE:  OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:                **FILED:  JUNE 8, 2020**

Appellant, Joseph W. Pilchesky, appeals *pro se* from the May 31, 2019 order granting the Commonwealth's motion to modify Appellant's probation conditions.  We affirm.

The facts and procedural history of this case are as follows.  In 2011, Appellant, although not licensed to practice law in Pennsylvania, offered legal advice and drafted legal documents on behalf of Dana Lewis ("Lewis"), Sheila Hartman ("Hartman"), and Mary Chilipko ("Chilipko") in exchange for monetary compensation.  Thereafter, in 2013, the Commonwealth charged Appellant with the unauthorized practice of law in violation of 42 Pa.C.S.A. § 2524(a).

Appellant's jury trial commenced on October 15, 2018, and all three victims – Lewis,  Hartman,  and  Chilipko – testified.   The  jury  convicted Appellant of the aforementioned crime on October 16, 2018.  On January 2,

2019, the trial court sentenced Appellant to two years' probation and directed him to pay $2,259.00 in court costs and $1,000.00 in restitution to Hartman.[1]

Thereafter, on April 15, 2019, Appellant filed a civil action in the Court of Common Pleas of Lackawanna County against Hartman and Chilipko. In his complaint, he alleged that both victims breached his confidence, invaded his privacy, defamed him, and committed perjury. He also asserted a claim of unjust enrichment against Hartman. "The civil action filed by [Appellant sought] money damages from the [victims] 'for mental and emotion (*sic*) pain and suffering,' 'general damages' and 'compensatory damages,' all in excess of $30,000.00." Trial Court Opinion, 5/31/19, at 1.

In view of Appellant's actions, on May 1, 2019, the Commonwealth filed a motion requesting modification of Appellant's probation conditions. Specifically, the Commonwealth requested the court to include the following condition:

> [Appellant] shall not engage in any act of revenge or retaliation against any victim or witness in this case, including [] Hartman, [] Chilipko, [] Lewis, and Edward Blasko[,] and shall not engage in any action that would harass or annoy any victim or witness in this case.

Commonwealth's Motion Requesting Modification of Appellant's Probation Conditions, 5/1/19, at 2.

_____

[1] The trial court ordered Appellant to pay $1,000.00 in restitution to Hartman because she submitted a victim impact statement. N.T. Sentencing Hearing, 1/2/19, at 22.

On May 30, 2019, the trial court conducted a hearing and subsequently granted the Commonwealth's motion on May 31, 2019. Trial Court Opinion, 5/31/19, at 1-3. The court directed Appellant to withdraw his civil action and, after doing so, have "no further contact with [the above-referenced] individuals." *Id*. at 3. Appellant filed a praecipe to withdraw his complaint on June 6, 2019.

Then, on June 24, 2019, Appellant filed an application requesting the trial court to amend its May 31, 2019 order to "include [] language found under 42 Pa.C.S.[A.] § 702(b), relating to interlocutory appeals." Appellant's Motion to Amend Trial Court's Order, 6/24/19, at 1; *see also* 42 Pa.C.S.A. § 702(b) (permitting discretionary appellate review of interlocutory orders where trial court states in its order that it is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter"). The trial court did not rule on Appellant's application. Thus, on August 2, 2019, Appellant filed a petition for review with this Court. On August 27, 2019, this Court entered an order directing that Appellant's petition for review be treated as a notice of appeal from the May 31, 2019 order. Order, 8/27/19, at 1; *see also* Pa.R.A.P. 1316(a)(2).

Appellant raises the following issue on appeal:

> [Whether the trial court abused its discretion in granting the Commonwealth's motion to modify the conditions of Appellant's probation?]

***See generally*** Appellant's Brief at 4.

Preliminarily, we must address the timeliness of this appeal as it implicates our jurisdiction. ***Commonwealth v. Andre***, 17 A.3d 951, 957-958 (Pa. Super. 2011). The Commonwealth argues that we should quash Appellant's appeal as untimely because Appellant needed to file a notice of appeal on or before July 1, 2019, and instead, filed a petition for review with this Court on August 2, 2019. Commonwealth's Brief at 10. Upon review, we decline to quash the instant appeal.

In general, an appeal of an interlocutory order "may be taken by permission under 42 Pa.C.S.A. § 702(b)." Pa.R.A.P. 1311(a). If the interlocutory order does not contain "the statement specified in 42 Pa.C.S.[A.] § 702(b)," a petitioner must file an "application for an amendment of [the] interlocutory order" to include the requisite language "within 30 days after [its] entry." Pa.R.A.P. 1311(b). The trial court must "act[] on the application within 30 days after it is filed" or the application is "deemed denied[.]" ***Id.*** If the trial court denies a petitioner's application, "a petition for review under Chapter 15 of the unappealable order of denial is the proper mode" to attempt to secure appellate review. Pa.R.A.P. 1311, *Note*.

If, however, a petitioner files a "request for discretionary review" and the order from which he seeks review is, in fact, "immediately appealable," this Court treats the request as a notice of appeal under the following circumstances:

(1) where a party has filed a timely petition for permission to appeal pursuant to Pa.R.A.P. 1311; or

(2) where a party has filed a timely petition for review from a trial court's refusal of a timely application pursuant to Pa.R.A.P. 1311 to amend the order to set forth expressly the statement specified in 42 Pa.C.S. § 702(b).

Pa.R.A.P. 1316(a)(1)-(2). Thus, where a party files a timely petition for permission to appeal pursuant to Pa.R.A.P. 1311 and the challenged order is final and appealable, an appellate court treats the petition as a timely notice of appeal. Pa.R.A.P. 1316(a)(1). In addition, pursuant to Rule 1316(a)(2), "where the trial court refuses an application to amend an order to set forth expressly the statement specified in 42 Pa.C.S. § 702(b), and that order was in fact appealable as of right, the appellate court shall treat a Chapter 15 petition for review . . . as a notice of appeal." *Id.* Both circumstances are present in this case.

Herein, Appellant filed an application requesting the trial court to amend its May 31, 2019 order to include the language set forth in Section § 702(b). Appellant filed the application on June 24, 2019, within 30 days of the May 31 order. The trial court's May 31 order, however, was immediately appealable as a final order because it "dispose[d] of all claims and of all parties." Pa.R.A.P. 341(b)(1). Thereafter, the trial court denied Appellant's application on July 24, 2019 when it failed to act on the application within 30 days. Appellant then filed a timely petition for review with this Court on August 2, 2019. *See* Pa.R.A.P. 1512(a) (explaining that a petitioner must file a petition

- 5 -

for review "with the prothonotary of the appellate court within 30 days after [entry of the order denying an application to amend.]").

Because the trial court's May 31 order was, in fact, final and appealable (requiring no permission to appeal), this Court, pursuant to Pa.R.A.P. 1316(a)(1), treated Appellant's June 24 application, although unnecessary and erroneous, as a timely notice of appeal. *See* Pa.R.A.P. 1316, *Note* ("[Rule 1316] requires the appellate court to treat a timely, but erroneous, petition for permission to appeal pursuant to Pa.R.A.P. 1311 from an order which is, in fact, immediately appealable as of right, as a timely notice of appeal."). Moreover, because Appellant, on August 2, 2019, timely petitioned for review the denial of his application to amend,[2] and because the May 31 order Appellant sought to amend was appealable as of right, we have jurisdiction over the present appeal and may proceed to the merits of Appellant's claims. *See* Pa.R.A.P. 1316, *Note* ("Also, pursuant to [Pa.R.A.P. 1316(a)(2)], where the trial court refuses an application to amend an order to set forth expressly the statement specified in 42 Pa.C.S. § 702(b), and that order was in fact appealable as of right, the appellate court shall treat a Chapter 15 petition for review of the trial court's refusal to amend as a notice of appeal.")

Appellant argues that the trial court abused its discretion in granting the Commonwealth's motion to modify his probation and, in turn, directing him to

---

[2] *See* Pa.R.A.P. 1512(a) (petitioner must file a petition for review "with the prothonotary of the appellate court within 30 days after [entry of the order denying an application to amend]").

- 6 -

withdraw his civil complaint against Hartman and Chilipko. Appellant's claims challenge the discretionary aspects of his sentence. *See Commonwealth v. Koren*, 646 A.2d 1205 (Pa. Super. 1994) (applying discretionary aspects of sentencing analysis when the defendant claimed that the trial court's imposition of no contact with the victim was an unreasonable condition of probation). In general, a "challenge[] to the discretionary aspects of sentencing do[es] not entitle an appellant to review as of right." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citation omitted). Rather, an appellant "must invoke this Court's jurisdiction by satisfying a four-part test." *Id.* In this instance, however, Appellant is challenging an order which granted the Commonwealth's motion to modify the terms of his probation. The Commonwealth submitted this motion in response to Appellant's conduct while under supervision. Thus, Appellant is not challenging his original judgment of sentence. For this reason, we will forgo the conventional preservation requirements and consider the merits of Appellant's claim.

It is well-settled that:

[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) (quotation omitted).

Pursuant to 42 Pa.C.S.A. § 9771(a), a trial court "has inherent power to[,] at any time[,] . . . increase the conditions under which an order of probation has been imposed upon a finding that a person presents an identifiable threat to public safety."  42 Pa.C.S.A. § 9771(a).  To increase the conditions of an individual's probation, the trial court must conduct a hearing and "consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation."  42 Pa.C.S.A. § 9771(b).

In imposing or modifying an order of probation, a court may require a defendant "[t]o satisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience."  42 Pa.C.S.A. § 9754(c)(13).

> A probation order is unique and individualized.  It is constructed as an alternative to imprisonment and is designed to rehabilitate a criminal defendant while still preserving the rights of law-abiding citizens to be secure in their persons and property.  When conditions are placed on probation orders they are formulated to insure or assist a defendant in leading a law-abiding life.
>
> Moreover, as long as conditions placed on probation are reasonable, it is within a trial court's discretion to order them.

*Commonwealth v. Houtz*, 982 A.2d 537, 539-540 (Pa. Super. 2009) (citation omitted).

Herein, we conclude that the requirement that Appellant refrain from harassing, annoying, and suing the victims/witnesses in his case is entirely

reasonable. A review of the record demonstrates that Appellant knew that Chilipko and Hartman were immune from suit and yet, he decided to file a civil action against them. *See* N.T. Hearing, 5/30/19, at 7; *see also **Greenberg v. McGraw***, 161 A.3d 976, 983 (Pa. Super. 2017) ("[J]udicial privilege applies to communications issued in the regular course of judicial proceedings" regardless of the form of the cause of action). Thus, it is apparent that Appellant sought to "punish [these witnesses]" simply for complying with a subpoena and testifying against him at trial. ***Id.*** at 8. In view of his underlying conviction, the trial court's decision to grant the Commonwealth's motion and order Appellant to withdraw his civil action did not amount to an abuse of discretion.

Order affirmed.

Judge Dubow joins this Memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/08/2020

- 9 -