**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARTA JOSHELL KLINGER | : | |
| | : | |
| Appellant | : | No. 1414 MDA 2020 |

Appeal from the Judgment of Sentence Entered October 22, 2020
In the Court of Common Pleas of Centre County Criminal Division at
No(s):  CP-14-CR-0000899-2020

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:               **FILED JUNE 15, 2021**

Marta Joshell Klinger ("Klinger") appeals from the judgment of sentence imposed following her negotiated guilty plea to retail theft.[1]  We affirm in part and vacate in part.

On July 16, 2020, Klinger was charged with retail theft and receiving stolen property[2] after failing to pay for items at the Walmart located at 373 Benner Pike in State College, Pennsylvania.  On October 22, 2020, Klinger entered a guilty plea to retail theft.  In exchange, the Commonwealth agreed to *nolle prosse* the receiving stolen property charge.  The trial court sentenced Klinger, pursuant to the plea agreement, to one year of probation and one day

---

[1] 18 Pa.C.S.A. § 3929(a)(1).

[2] 18 Pa.C.S.A. § 3925(a).

of community service. The trial court further ordered Klinger to pay the costs of prosecution, a $75 fine, and restitution to Walmart in the amount of $30.50. Klinger was also prohibited from entering any Walmart in Centre County. Relevantly, the Sentencing Order stated that Klinger "shall refrain from the transportation, possession, and/or use of any alcoholic beverage(s) or non-prescribed drugs during the entire term of this sentence." Sentencing Order, 11/3/20, at 1 (unnumbered).

Klinger filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Klinger now raises the following issue for our review:

Did the trial court err in ordering [Klinger] to refrain from the transportation, possession, and/or use of any alcoholic beverages after her guilty plea to retain theft[,] where the crime was wholly unrelated to alcohol and the Commonwealth presented no evidence that [Klinger] has alcohol dependency?

Brief for Appellant at 5 (numbering and some capitalization omitted).

Klinger argues that the trial court abused its discretion in ordering her to refrain from consuming alcoholic beverages during probation, because alcohol use is unrelated to her conviction of retail theft. *Id.* at 12-14. Klinger points out that 42 Pa.C.S.A. § 9763(b) (detailing the possible probation conditions a court may impose) does not specifically provide for a prohibition on alcohol. Brief for Appellant at 13. Instead, Klinger argues, the trial court appeared to rely on subsection (b)(15), which provides for conditions that are "reasonably related to rehabilitation." *Id.* (citing 42 Pa.C.S.A. § 9763(b)(15)).

- 2 -

Klinger contends that there was no evidence that the alcohol provision was reasonably related to her rehabilitation. *Id.* at 14.

Klinger's claim challenges the discretionary aspects of her sentence.[3] *See generally Commonwealth v. Starr*, 234 A.3d 755, 760 (Pa. Super. 2020) (considering an appellant's challenge to a probation restriction as lacking a nexus to his crime as a challenge to the discretionary aspects of his sentence). "[W]ith regard to the discretionary aspects of sentencing, there is no automatic right to appeal." *Commonwealth v. Disalvo*, 70 A.3d 900, 902 (Pa. Super. 2013) (citation omitted). Before reaching the merits of a discretionary sentencing claim,

> [w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

---

[3] We are cognizant that generally, "[o]ne who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence." *Commonwealth v. O'Malley*, 957 A.2d 1265, 1267 (Pa. Super. 2008). Instantly, however, the Written Guilty Plea Colloquy and the attached Plea Offer indicate that the parties agreed to a one-year term of probation. Written Guilty Plea Colloquy, 10/22/20 (filed October 26, 2020). Klinger challenges the conditions of her probation, rather than the term, and the record reflects no bargain between the parties regarding the conditions of probation. Accordingly, we will address Klinger's discretionary sentencing challenge. *See generally Commonwealth v. Heaster*, 171 A.3d 268, 271 (Pa. Super. 2017) (concluding that appellant could challenge the discretionary aspects of his sentence after entering a "hybrid" guilty plea, *i.e.*, a plea that negotiated a *particular aspect* of the sentence, but did not include a sentencing agreement).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted).

Here, Klinger filed a timely Notice of Appeal, preserved her challenge at sentencing, and included a separate Pa.R.A.P. 2119(f) Statement in her appellate brief. Additionally, Klinger has raised a substantial question that her sentence is inconsistent with the provisions of the Sentencing Code, in that the conditions of her probation are not reasonably related to her rehabilitation. *See Starr*, 234 A.3d at 760 (concluding that an argument that the broad internet restriction had no nexus to appellant's crime, and was not tailored to appellant's rehabilitative needs, raised a substantial question); *see also Commonwealth v. Houtz*, 982 A.2d 537, 539 (Pa. Super. 2009) (concluding that appellant raised a substantial question, where she argued that the conditions of her probation were not reasonably related to her rehabilitation or reasonably tailored to her unique rehabilitative needs). Thus, we will proceed to the merits of Klinger's claim.

Our standard of review of a challenge to the discretionary aspect of a sentence is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Robinson***, 931 A.2d 15, 26 (Pa. Super. 2007).

In imposing an order of probation, "[t]he court shall attach reasonable conditions authorized by section 9763 (relating to conditions of probation) as it deems necessary to ensure or assist the defendant in leading a law-abiding life." 42 Pa.C.S.A. § 9754(b). Section 9763 provides, in relevant part, at as follows:

> **(b) Conditions generally.--**The court may attach any of the following conditions upon the defendant as it deems necessary:
>
> * * *
>
> (15) To do other things reasonably related to rehabilitation.

***Id.*** § 9763(b)(15).

> A probation order is unique and individualized. It is constructed as an alternative to imprisonment and is designed to rehabilitate a criminal defendant while still preserving the rights of law-abiding citizens to be secure in their person and property. When conditions are placed on probation orders[,] they are formulated to insure or assist a defendant in leading a law-abiding life.

***Houtz***, 982 A.2d at 539-40 (citation omitted).

During the guilty plea and sentencing hearing, Klinger's counsel explained the terms of the plea agreement (*i.e.*, one year of probation, a $75.00 fine plus restitution and costs, one day of community service, and no entry into Walmart), and the Commonwealth stated its agreement. N.T., 10/22/20, at 3. The trial court accepted the Written Guilty Plea Colloquy into the record, and conducted an oral colloquy of Klinger. ***Id.*** at 3-5. The trial court imposed the agreed-upon sentence, including one year of probation, to

be supervised by the Centre County Probation and Parole Department. *Id.* at 5. Relevantly, concerning conditions of probation, the trial court stated, "You're prohibited from consuming any alcoholic beverages and/or non-prescription drugs during the term of this sentence." *Id.* at 6; *see also* Sentencing Order, 11/3/20, at 1 (unnumbered). Klinger's counsel asked the trial court to remove the alcohol provision, arguing that "there is no connection whatsoever to the [crime] charged." N.T., 10/22/20, at 7. The court replied, "I'm not going to do that." *Id.*

In its Opinion, the trial court states simply that the prohibition on alcohol "was reasonably related to [Klinger's] rehabilitation and a necessary condition to ensure and assist [Klinger] in leading a law-abiding life." Trial Court Opinion, 12/1/20, at 2.

We disagree with the trial court's restriction on Klinger's "transportation, possession, and/or use of any alcoholic beverage(s)," Sentencing Order, 11/3/20, at 1 (unnumbered), as a condition of her probation. Here, there is no nexus between the crime of retail theft and the use of alcohol. Moreover, the record is devoid of evidence that Klinger was under the influence of alcohol at the time of the offense, or that the alcohol restriction would further Klinger's individualized rehabilitative needs. *See Houtz*, 982 A.2d at 540-41 (reversing appellant's judgment of sentence and concluding that a broad prohibition on computer and Internet access of a condition of probation was unreasonable for the offenses of corruption of a minor and indecent assault,

where "there [wa]s no evidence that [a]ppellant's sexual offense involving a minor child was facilitated by or incorporated the use of a computer/Internet."). *Cf. Commonwealth v. Hartman*, 908 A.2d 316, 320-21 (Pa. Super. 2006) (concluding that a probation condition to not possess/use computer after charges of sexual abuse of children, which arose from the use of a computer to download sexually explicit photographs of young girls was rationally related to rehabilitative goals). We thus conclude that the trial court abused its discretion in imposing the alcohol restriction as a condition of Klinger's probation. Accordingly, we vacate *only* the portion of Klinger's sentence imposing an alcohol restriction as a condition of her probation.[4]

Judgment of sentence affirmed in part and vacated in part.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/15/2021

---

[4] Because our disposition does not disrupt the overall sentencing scheme, we need not remand the matter to the trial court. *See Commonwealth v. Thur*, 906 A.2d 552, 569 (Pa. Super. 2006).