J-S08012-24

2024 PA Super 74

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN EARL LAUGHMAN | : | |
| | : | |
| Appellant | : | No. 1315 MDA 2023 |

Appeal from the Judgment of Sentence Entered August 31, 2023
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0001156-2021

BEFORE: OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

OPINION BY OLSON, J.: **FILED: APRIL 17, 2024**

Appellant, Brian Earl Laughman, appeals from the judgment of sentence

entered on August 31, 2023. We affirm.

The trial court ably summarized the underlying facts of this case:

> On November 22, 2021, Appellant pled guilty to one count of
> fleeing or attempting to elude a police officer and one count
> of driving under suspension.[1] On January 4, 2022,
> Appellant was [] sentenced to [three to 23 months'] partial
> confinement at the Adams County Adult Correctional
> Complex (ACACC) with a concurrent term of [three] years'
> probation.
>
> On June 30, 2023, the Commonwealth filed a Motion for
> Revocation [of Appellant's Parole and Concurrent Probation,]
> based on multiple violations for possessing and using
> non-prescribed controlled substances. Specifically, in its
> Motion for Revocation, the Adams County Department of
> Probation Services note[d] that Appellant provided a urine

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3733(a) and 1543(b)(1)(i), respectively.

sample that was positive for cocaine on February 9, 2023, and also signed an acknowledgement admitting to having consumed cocaine on June 29, 2023, in violation of probation.

Additionally, it was revealed to the Revocation Court at sentenc[ing] that Appellant consumed shots of moonshine in the presence of probation officers to avoid providing a urine sample for testing on August 31, 2023.[fn.1] Thereafter, Appellant was given a sentence of "partial confinement and [was] recommitted to serve the balance of his sentence of one year and eight months at the ACACC," and "a concurrent sentence of 36 months of probation." Notably, the Revocation Court added a "no alcohol" condition at [the] request of Probation "based on conduct that Probation personally witnessed."[2]

> [fn.1] At sentencing on the Revocation, Appellant's Probation Officer explained "[Appellant] thought it would be in his best interest to consume alcohol because it moved through his system faster. . . . [It] was also the basis for another violation of the positive cocaine because [Appellant] believed that the cocaine was in the moonshine that [Appellant] had consumed. [N.T. Violation Hearing, 8/31/23, at 6].

Trial Court Opinion, 10/20/23, at 1-2 (some footnotes and capitalization omitted).

Appellant filed a timely notice of appeal. He raises one claim to this Court:

> Whether the sentencing court manifestly abused its discretion by imposing an unreasonable special condition, specifically a prohibition on alcohol, when there was no nexus to the condition and the underlying offense?

---

[2] During the recommitment and resentencing hearing, Appellant specifically objected to the fact that the trial court added the "no alcohol" condition to the terms of his probation. N.T. Violation Hearing, 8/31/23, at 4-5.

Appellant's Brief at 4.[3]

On appeal, Appellant claims that the trial court abused its discretion at sentencing, when it imposed the probationary condition that Appellant must refrain from using alcohol. According to Appellant, the "no alcohol" provision is unreasonable, as it "has no nexus to the underlying facts of the original offense." **See** Appellant's Brief at 11. Appellant's claim challenges the discretionary aspects of his sentence. **See Commonwealth v. Carr**, 262 A.3d 561, 567 (Pa. Super. 2021) (holding: a claim that a probationary condition is "unreasonable due to the lack of a nexus between it and Appellant's crime and rehabilitative needs" is a challenge to the discretionary aspects of a sentence).

We note that, in an appeal following the revocation of probation, our scope of review includes discretionary aspects of sentencing claims. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*). With respect to our standard of review, we have held that "sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." **Commonwealth v. Ritchey**, 779 A.2d 1183, 1185 (Pa. Super. 2001). Moreover, pursuant to statute, Appellant does not have an automatic right to

---

[3] Appellant raised a second issue in the statement of questions involved section of his brief. **See** Appellant's Brief at 4; Pa.R.A.P. 2116. However, Appellant expressly abandoned the second issue in the argument section of his brief. **See** Appellant's Brief at 18 (declaring that the second issue "is not ripe for appeal and is therefore forfeit[ed]").

appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court has explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708(E)]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007); *see also Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008) ("when a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a [motion to modify] sentence").

Appellant filed a timely notice of appeal and properly challenged the discretionary aspects of his sentence at the resentencing hearing. *See* N.T. Violation Hearing, 8/31/23, at 4-5. Further, although Appellant did not include a "concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence," as required by Pennsylvania Rule of Appellate Procedure 2119(f), the Commonwealth did object to this failure. *See* Commonwealth's Brief at 1-14. Therefore,

Appellant's non-compliance with Rule 2119(f) does not preclude our review of Appellant's discretionary aspects of sentencing claim. *See Commonwealth v. Bonds*, 890 A.2d 414, 418 (Pa. Super. 2005) ("in the absence of any objection from the Commonwealth, we are empowered to review claims that otherwise fail to comply with Rule 2119(f)"). Finally, as this Court held, "a claim that a particular probation condition is not reasonable due to the lack of a nexus between the restriction and the rehabilitative needs of the defendant" presents a substantial question. *Carr*, 262 A.3d at 567. Therefore, we may address the merits of Appellant's discretionary aspects of sentencing claim.

This Court has explained:

> As a general matter, the sentencing court is charged to impose a sentence that is "consistent" with "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Our standard of review in this context is well-established:
>
> > Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> *Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006). "The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it."

> ***Commonwealth v. Walls***, 926 A.2d 957 (Pa. 2007). In conducting our review, this Court must also "have regard" for: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation; (3) the findings upon which the sentence was based; and (4) the Pennsylvania Sentencing Guidelines. 42 Pa.C.S.A. § 9781(d)(1)-(4).

***Carr***, 262 A.3d at 567-568.

The case at bar concerns the discretion afforded a sentencing court when imposing conditions of probation. 42 Pa.C.S.A. § 9763 declares that, when a trial court sentences a defendant to probation, the trial court must "specify at the time of sentencing the conditions of probation." 42 Pa.C.S.A. § 9763(a). As we have explained:

> With specific reference to probation conditions, the sentencing court is required to impose "reasonable conditions" that "it deems necessary to ensure or assist the defendant in leading a law-abiding life." 42 Pa.C.S.A. § 9754(c). The scope and substance of probation conditions is governed by 42 Pa.C.S.A. § 9763(b), which provides a non-exhaustive list of potential conditions. Pursuant to a catchall provision in this statute, the sentencing court is generally empowered to impose probation conditions that require a defendant "to do things" that are "reasonably related to rehabilitation." 42 Pa.C.S.A. § 9763(b)(15). This Court has interpreted this statutory rubric as follows:
>
> > A probation order is unique and individualized. It is constructed as an alternative to imprisonment and is designed to rehabilitate a criminal defendant while still preserv[ing] the rights of law-abiding citizens to be secure in their persons and property. When conditions are placed on probation orders they are formulated to insure or assist a defendant in leading a law-abiding life. Moreover, as long as conditions placed on probation are

- 6 -

reasonable, it is within a trial court's discretion to order them.

> ***Commonwealth v. Hartman***, 908 A.2d 316, 320 (Pa. Super. 2006) (internal citations omitted). Thus, "[w]hile sentencing courts have discretion to impose conditions of probation, such conditions must be reasonable and devised to serve rehabilitative goals, such as recognition of wrongdoing, deterrence of future criminal conduct, and encouragement of law-abiding conduct." ***Commonwealth v. Hall***, 80 A.3d 1204, 1215 (Pa. 2013).

***Carr***, 262 A.3d at 568.

Appellant claims on appeal that the trial court abused its discretion when it imposed the probationary condition that Appellant must refrain from using alcohol. In particular, Appellant claims the "no alcohol" provision is unreasonable as it "has no nexus to the underlying facts of the original offense." ***See*** Appellant's Brief at 11; ***see also*** Appellant's Brief at 4 (claiming that the "no alcohol" probationary condition is unreasonable, as there "was no nexus to the condition and the underlying offense").

In support of his claim, Appellant cites to our opinion in ***Carr***, where we held that the "sentencing court erred and abused its discretion by imposing an unreasonable and inappropriate probation condition restricting [the defendant's] use of various electronic devices and the Internet." ***Carr***, 262 A.3d at 571. Specifically, in ***Carr***, we held that the trial court's probationary condition was unreasonable, as: "[t]here [was] no evident nexus between the crime to which [the defendant] pled guilty and the restrictions upon his ability to use computers, smartphones, and the Internet;" the trial court relied upon unproven charges against the defendant as "proof" that the defendant needed

to be precluded from using computers and the Internet; and, the "indiscriminate ban could negatively impact [the defendant's] ability to better himself." *Id.* at 569-572; *see also Commonwealth v. Houtz*, 982 A.2d 537 (Pa. Super. 2009) (holding: where "there [was] no evidence that [the defendant] used the computer/Internet for sexually explicit material involving minors or that she used the computer/Internet as a source to establish and cultivate inappropriate relationships" during the underlying crimes, the trial court's probationary condition, restricting the defendant from using computers and the Internet, was an abuse of discretion, as there were no facts "which would allow this Court to conclude that such a restriction [was] reasonably related to [the defendant's] rehabilitation"). According to Appellant, *Carr* and *Houtz* mandate that we vacate the contested probationary condition because Appellant "was charged [with] and [pleaded] guilty to fleeing or eluding an officer and driving on a suspended license. There is no nexus between the additional condition of no alcohol and the underlying facts of the offense because no facts alleged in the criminal complaint include alcohol use/abuse." Appellant's Brief at 15. Appellant's claim fails.

At the outset, the Judicial Code empowers a sentencing court to attach such probationary conditions that "it deems necessary to ensure or assist the defendant in leading a law-abiding life." 42 Pa.C.S.A. § 9754(b). The only restrictions on the sentencing court's power are: 1) the conditions must be

authorized by 42 Pa.C.S.A. § 9763;[4] 2) the conditions must be "reasonable;" and, 3) the trial court must "deem[ the conditions] necessary to ensure or assist the defendant in leading a law-abiding life." *See id.*; *see also Commonwealth v. Hall*, 80 A.3d 1204, 1215 (Pa. 2013) ("[w]hile sentencing courts have discretion to impose conditions of probation, such conditions must be reasonable and devised to serve rehabilitative goals, such as recognition of wrongdoing, deterrence of future criminal conduct, and encouragement of future law-abiding conduct").

Thus, contrary to Appellant's claim, there is no explicit statutory requirement that there be a "nexus between the crime to which [the defendant was convicted]" and the probationary condition. Rather, *Carr* and *Houtz* looked to the facts of the underlying crimes because those cases: came to this Court on direct appeal from the underlying convictions and concerned a restriction on computers and the Internet, which are ubiquitous products and services in today's society and (though potentially subject to abuse) can also be used "to make positive changes" in a defendant's life. *See Houtz*, 982 A.2d at 541. Further, in both *Carr* and *Houtz*, this Court looked to the underlying facts of the defendant's crimes for the sole purpose of determining whether the probationary condition was "**reasonably related to [the defendant's] rehabilitation**." *See id.* (emphasis added); *see also id.*

_____

[4] Again, Section 9763 contains a "catchall" provision, which allows a court to order that the defendant "do other things reasonably related to rehabilitation." 42 Pa.C.S.A. § 9763(b)(15).

("there is no evidence that [the defendant] used the computer/Internet for sexually explicit material involving minors or that she used the computer/Internet as a source to establish and cultivate inappropriate relationships;" therefore, in the direct appeal from the underlying convictions, we held that there was an "absence of any facts . . . which would allow this Court to conclude that [a restriction on computers and the Internet was] reasonably related to [the defendant's] rehabilitation").

The case at bar, however, comes to this Court after re-sentencing from a probation violation and concerns a prohibition from alcohol. In assessing the reasonableness of this provision, we are not limited to determining whether there was a nexus between the older, underlying crimes and the probationary condition. Rather, we must look broadly at whether the condition is "reasonably related to [Appellant's] rehabilitation" – which is an inquiry that necessarily encompasses the more recent facts of Appellant's probation violation. **See Commonwealth v. Starr**, 234 A.3d 755, 763-764 (Pa. Super. 2020) (looking to the facts underlying the defendant's probation violation to determine whether the probationary condition was reasonable and individualized). Therefore, Appellant's claim on appeal – which is based solely upon the contention that there "was no nexus [between the probationary] condition and the underlying offense" – necessarily fails.

Moreover, we conclude that the trial court did not abuse its discretion when it imposed the probationary condition that Appellant refrain from using alcohol. In the case at bar, the trial court fashioned Appellant's "no alcohol"

probationary condition from the "catchall" probationary condition, found at 42 Pa.C.S.A. § 9763(b)(15). This provision declares:

> The court may attach any of the following conditions upon the defendant as it deems necessary:
>
> . . .
>
> (15) To do other things reasonably related to rehabilitation.

42 Pa.C.S.A. § 9763(b)(15).

As the trial court explained, Appellant's "no alcohol" probationary condition was: 1) "reasonably related to [Appellant's] rehabilitation" (and, thus, authorized by Section 9763), 2) "reasonable," as Appellant had violated both his parole and his concurrent term of probation by abusing cocaine that, Appellant claimed, was found in his moonshine, and Appellant also attempted to avoid complying with his probation officer's demands by drinking alcohol until the probation officer finally left; and, 3) deemed by the trial court to be "necessary to ensure or assist the defendant in leading a law-abiding life." The trial court explained:

> The "no alcohol" condition here is [] tailored to allow Appellant to stay on track during the rehabilitation process as part of probation, while clearly bearing a nexus to [Appellant's] probation violations. . . . Considering Appellant [] consumed alcohol in an attempt to intentionally avoid complying with his probation requirements[,] it is clear that the Revocation Court added a condition to Appellant's probation that was carefully assessed in response to Appellant's changing rehabilitative needs and to encourage Appellant to live a law-abiding lifestyle. The Revocation Court was firmly within its broad discretion to impose those conditions necessary to facilitate Appellant's rehabilitation

after assessing his needs, whether based on the facts of the underlying offense or those needs highlighted by violations of probation conditions.

. . .

Given that the probation condition added by the Revocation Court in this case was carefully assessed and imposed in response to Appellant's changing needs during his rehabilitation process and based on conduct and violations of probation, there is clearly a nexus between these offenses and the conditions imposed in response. Likewise, the impact and practical burden of that added condition is not so burdensome as to impair Appellant's ability to better himself or otherwise hinder the rehabilitation process when analyzed in the greater scheme of Appellant's probation. Quite the opposite – the "no alcohol" provision was added to make it easier for Appellant to successfully complete probation. A prohibition on the kind of activity or substance that has made it difficult for Appellant to succeed on probation is precisely calculated (and well-within the [trial court's] discretion to impose) to serve the purpose noted in section 9763(b) of aiding in Appellant's rehabilitation.

Trial Court Opinion, 10/20/23, at 7-8 and 9-10 (footnotes omitted).

We agree with the trial court's well-reasoned analysis and conclude that the trial court was within its discretion when it ordered that Appellant refrain from using alcohol as a condition of his probation. Appellant's claim on appeal thus fails.

Judgment of sentence affirmed.  Jurisdiction relinquished.


Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>4/17/2024</u>