J-A30043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DOUGLASS SPADY (A/K/A DOUGLAS CASEY) | : | |
| | : | No. 3228 EDA 2024 |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered November 1, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000174-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DOUGLASS A. CASEY | : | |
| | : | |
| Appellant | : | No. 3229 EDA 2024 |

Appeal from the Judgment of Sentence Entered November 1, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009228-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DOUGLASS CASEY | : | |
| | : | |
| Appellant | : | No. 3230 EDA 2024 |

Appeal from the Judgment of Sentence Entered November 1, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004121-2010

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED APRIL 7, 2026**

Douglass Casey A/K/A Douglass Spady ("Casey") appeals from the judgments of sentence following the revocation of his probation across several dockets, following from his direct violations of supervision, including convictions in Maryland for assault and theft. As Casey's challenges to the discretionary aspects of his sentence merit no relief, we affirm.

The relevant factual and procedural history of this case is as follows. Casey pleaded guilty to theft by unlawful taking and access device fraud at No. 4121-2010, robbery at No. 9228-2014, and theft by extortion at No. 174-2022. **See** Trial Court Opinion, 2/3/25, at 1.[1] He received sentences of: an aggregate of nine to twenty-three months of imprisonment and three years of consecutive probation at No. 4121-2010 (theft and access device fraud); two to four years of imprisonment with four years of consecutive probation at No. 9228-14 (robbery); and five years of probation at No. 174-2022 (theft by extortion). After sentencing, but prior to the events at issue herein, Casey violated his supervision more than once. **See** Order of Sentence – Probation

_____

[1] **See** 18 Pa.C.S.A. §§ 3921(a), 4106(a)(1), 3701(a)(1)(i), 3923(a)(1).

Revocation (No. 4121-2010), 7/11/13; Order of Sentence – Probation Revocation (No. 4121-2010), 4/20/15.[2]

Relevantly, Casey later stipulated to a direct violation of his probation across the dockets arising from his convictions in Maryland for assault and theft. *See* N.T., 8/16/24, at 8-10. At the violation-of-probation ("VOP") hearing, Casey requested that sentencing be deferred for the preparation of a presentence investigation report ("PSI") and a mental health evaluation. *See id*. at 10.

At the sentencing hearing, the VOP court considered the PSI, the new Maryland convictions for assault and theft, and a letter and testimony by Dinah Gill ("Gill"), a medical/legal case manager at Action Wellness, who was working with Casey while he was incarcerated to obtain medical care and other resources. *See* N.T., 11/1/24, at 6-7, 23-26. Casey's counsel also set forth Casey's history of trauma and physical and sexual abuse by family members starting at the age of nine; his acquisition of HIV following his rape; his sexual assault while incarcerated a previous time; and his unfortunate life circumstances that caused him to become homeless, abuse prescription medicine, and ultimately abscond and commit further crimes. *See id*. at 8. Casey also allocuted and expressed remorse for his life decisions, explained

_____

[2] At the VOP hearing, Casey's probation officer noted that Casey had been released in September 2022, had "maxed out all his State time and started serving his probation." N.T., 8/16/24, at 6.

they resulted from his adverse life experiences, and detailed his aspirations, including starting his own cleaning company. *See generally id*. at 17-21.

Casey, *via* counsel, advocated for an eleven-and-a-half to twenty-three-month county sentence with a five-year probationary tail. *See id*. at 14. The Commonwealth, detailing Casey's history of technical violations, and noting his convictions occurred around a year after his release from county custody, highlighted Casey's risk of reoffending, and asked for a sentence longer than two to four years of imprisonment. *See id*. at 14-17.

The VOP court considered Casey's mental health struggles, and noted that, nevertheless, his convictions stemmed from common fact patterns, namely deception, such as his theft in one case from someone whom he was "escorting": Casey lied about his age to the person whom he was escorting by presenting himself as a sixteen or seventeen-year-old, and, having convinced the person that s/he had broken the law by consorting with Casey, he stole from that person. *See id*. at 27-28. The court found especially troubling the planning Casey manifested to "take advantage of people . . . while on probation." *Id*. at 28. The court noted that Casey has had ample opportunities while on probation to reform, but he has instead shown his lack of amenability to supervision. *See id*. at 29.

The court then imposed the following sentence: three to six years of incarceration at No. 9228-2014 (robbery); one year of consecutive probation at No. 4121-2010; and one year of consecutive probation at No. 274-2022.

*See id*. at 29. The court also ordered that Casey receive therapy, vocational training, any drug treatment, if necessary, and any medications necessary to ensure his health while imprisoned. *See id*. at 30.

Following sentencing, Casey moved for reconsideration in each case with an identical motion in which he asserted the sentence was "excessive in that it far surpassed what was required to protect the public, the complainant or the community, and was well beyond [what] was necessary to foster the defendant's rehabilitation." *See* Post-Sentence Motion, 11/12/24, at 2. Casey later appealed prior to the expiration of the appeal-period, though the VOP court had not in the interim ruled on the post-sentence motion. *See* Notice of Appeal, 11/27/24. The VOP court issued a Rule 1925(b) order,[3] and both the court and Casey thereafter complied with Rule 1925.

Casey raises the following issues for our review:

1. Whether the lower court imposed an illegal sentence when it considered [] Casey's arrests that did not result in conviction?

2. Whether the lower court abused its discretion by imposing a sentence that is manifestly excessive for and inconsistent with protecting the public and addressing [] Casey's rehabilitative needs?

Casey's Brief at 3 (issues reordered for ease of disposition).

---

[3] The court erroneously asserted that it had 120 days to rule on the post-sentence motion, but nevertheless issued the Rule 1925(b) order. *See* Order, 12/3/24. *Cf*. Pa.R.Crim.P. 708(E) (providing that a post-sentence motion in a revocation case will not toll the thirty-day appeal period).

In his first issue, Casey argues the VOP court imposed an illegal sentence by considering his prior non-conviction arrests. Before addressing the issue on the merits, we consider whether Casey needed to preserve this issue, and if so, whether it is preserved for our review.

This Court has recently held that where an appellant asserts the sentencing court impermissibly considered his arrest history, such a challenge pertains to the discretionary aspects of sentencing rather than its legality. *See Commonwealth v. Davis*, 341 A.3d 808, 812 (Pa. Super. 2025). Thus, Casey's first issue is a challenge to the discretionary aspects, rather than the legality, of his sentence.

This Court has explained:

> An appellant wishing to appeal the discretionary aspects of a probation-revocation sentence has no absolute right to do so but, rather, must petition this Court for permission to do so. Before this Court can address such a discretionary challenge, an appellant must invoke this Court's jurisdiction by establishing that (1) the appeal was timely filed; (2) the challenge was properly preserved by objecting during the revocation sentencing or in a post-sentence motion; (3) his or her brief includes a concise statement of the reasons relied upon for allowance of appeal of the discretionary aspects of the sentence pursuant to Pa.R.A.P. 2119(f); and (4) the concise statement raises a substantial question that the sentence is inappropriate under the Sentencing Code.

*Commonwealth v. Starr*, 234 A.3d 755, 759 (Pa. Super. 2020) (some internal citations and quotations omitted). As such, to invoke this Court's jurisdiction over this issue, he must have, *inter alia*, preserved it below and included a Rule 2119(f) statement. *See Davis*, 341 A.3d at 813.

As noted above, in his post-sentence motion, Casey asserted the excessiveness of his sentence, but he did not raise the issue of the VOP court's alleged consideration of his arrest history. ***See generally*** Post-Sentence Motion, 11/12/24. Additionally, he did not address the matter in his Rule 2119(f) statement. ***See*** Casey's Brief at 14-17. Accordingly, Casey has failed to preserve this issue for our review. ***See Davis***, 341 A.3d at 812.[4]

In his second issue, Casey maintains the VOP court imposed an excessive sentence inconsistent with his rehabilitative needs. We must first determine whether Casey has properly invoked this Court's jurisdiction over this issue. Casey preserved this issue in his post-sentence motion; he timely appealed; and he included a Rule 2119(f) statement in his brief. Casey's assertion of excessiveness combined with his claim that the sentence was also inconsistent with protecting the public and addressing his rehabilitative needs may raise a substantial question. ***See Commonwealth v. Hill***, 66 A.3d 365, 369 (Pa. Super. 2013). As such, we proceed to review the merits of this issue.

Our standard of review for challenges to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse

_____

[4] We observe that while the VOP court mentioned Casey's arrests as part of the history of the case at the beginning of the sentencing hearing, ***see*** N.T., 11/1/24, at 6, the court did not discuss the arrests when stating its reasons for imposing the sentence. ***See id***. at 27-30. As such, there is, in any event, no record support for Casey's assertion.

of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Taylor*, 277 A.3d 577, 592-93 (Pa. Super. 2022) (citation omitted).

Per 42 Pa.C.S.A. § 9721(b), the sentence imposed should call for "total confinement that is consistent with . . . the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines . . .."[5] *Accord Commonwealth v. Laughman*, 314 A.3d 569, 571-72 (Pa. Super. 2024).

Casey argues that in light of his particular circumstances, namely, his traumatic family history of physical and sexual abuse, his lack of familial and community support, and his work with community specialists toward addressing his "healthcare and material needs," and his insight into these factors which he manifested during his allocution, the court abused its

---

[5] In deciding whether a sentencing court imposed a sentence that was unreasonable, we are to be guided by the considerations listed in 42 Pa.C.S.A. § 9781(d): the nature and circumstances of the offense and history and characteristics of the defendant; opportunity of sentencing court to observe the defendant, including any presentence investigation; findings upon which the sentence was based; and sentencing guidelines – and whether the trial court properly considered the sentencing factors outlined in 42 Pa.C.S.A. § 9721(b). *See Commonwealth v. Walls*, 926 A.2d 957, 964 (Pa. 2007).

discretion by imposing a term of incarceration in a state prison rather than allowing Action Wellness to "finish developing a discharge plan with [] Casey in the county jail and guide his re-entry." Casey's Brief at 21-22. Casey argues that "state confinement, without more, is insufficient to address" his needs. *Id*. at 22-23. He also argues that placing him in prison subjects him to victimization by other inmates. *See id*. at 23. Casey lastly asserts that there is "every reason to fear that he will be released years from now without access to resources that Action Wellness could have ensured," thus leading him into the same cycle of "unhealthy behavior" he has engaged in to date. *Id*. at 23-24.[6]

The VOP court considered Casey's arguments and concluded they merit no relief:

> Contrary to [Casey's] claim[s], . . . the court . . . review[ed] the PSI, [Casey's] mental health evaluation, and a letter from [] Gill [from] "Action Wellness – Putting Good Health into Motion." Both counsel presented argument and recommendations for sentencing. [] Gill[,] a prison medical case manager[,] also testified as to her work with [Casey] while in custody. [Casey] provided a detailed allocution prior to sentencing. The [] court referenced the following findings for the direct violation: a consistent record of crimes involving deceptive and manipulative behavior; more than ample opportunity to redirect himself while on probation; and proof that he is not amenable to supervision. In addition to the period state incarceration, the trial court also ordered [that Casey] receive therapy to address his mental health needs, vocational training, and any medications to ensure his health conditions are maintained during his confinement. The

_____

[6] As far as the term of incarceration itself, Casey does not assert the sentence exceeded the statutory maximum nor that the VOP court misapplied any applicable guidelines. *See*, *e.g.*, Casey's Brief at 17 n.44.

court also issued a separation order to ensure [Casey's] safety from another inmate. . . . Thus, the [VOP] court offered sufficient, valid reasons for its decision and the penalty imposed. . . ..

VOP Court Opinion, 2/3/25, at 5, 6-7 (citations omitted).

Following our review, we conclude Casey has failed to show the trial court abused its discretion in sentencing him. The record supports the VOP court's conclusion that it appropriately considered his mental and physical health, his traumatic background, and his rehabilitative needs. *See* N.T., 11/1/24, at 27-29. Additionally, the court concluded that Casey had had ample opportunities to rehabilitate, but had failed to make use of those opportunities, and thereby shown his lack of amenability to supervision. *See id*. at 29. The record, including Casey's prior violations of probation, supports this determination. We also note that in July 2022, when the court imposed a probationary sentence on Casey at No. 174-2022, following his conviction for theft by extortion, the court ordered as conditions of probation that Casey submit to drug screens, devote himself to a specific occupation or employment, and to enroll in trauma therapy; and the sentencing order further provided that if Casey could not afford it, probation was to aid him. *See* Sentencing, No. 174-2022, 7/13/22. Notwithstanding the opportunity to seek treatment provided in July 2022, Casey committed the Maryland offenses in September 2023. *See* N.T., 8/16/24, at 8-9.

The totality of the record shows that the VOP court considered Casey's rehabilitative needs, and in addition to sentencing him to a term of

incarceration, it recommended that he receive therapy and vocational training and medication during his incarceration. ***See*** N.T., 11/1/24, at 29-30. While Casey argues his rehabilitative needs should control, and that the most effective way to address those needs is county incarceration, the trial court, in consideration of his rehabilitative needs and traumatic background, disagreed; and a trial court does not abuse its discretion by merely giving a defendant's mitigation evidence less weight than the defendant would like. ***See Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa. Super. 2009) (stating, "The . . . court merely chose not to give the mitigating factors as much weight as [the a]ppellant would have liked . . .. We cannot re-weigh the sentencing factors and impose our judgment [instead]"). Based on this record, this Court cannot conclude the VOP court abused its discretion.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/7/2026

- 11 -